T.C. Summary Opinion 2001-45

UNITED STATES TAX COURT

RANDALL ALBERT FRITSCHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6008-00S.                    Filed April 3, 2001.

Randall Albert Fritscher, pro se.

<u>Brandi B. Darwin</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.[1]  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 1997, the taxable year in
issue.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1997 in the amount of $2,673.

The issues for decision are as follows:

(1) Whether petitioner is entitled to dependency exemptions for his two daughters.  We hold that he is not.

(2) Whether petitioner is entitled to head-of-household filing status.  We hold that he is not.

(3) Whether petitioner is entitled to an earned income credit.  We hold that he is not.

Background[2]

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Keystone Heights, Florida, at the time that his petition was filed with the Court.

A. Petitioner's Marriage and Divorce

In June 1993, petitioner and Lee Ellen Phillips (Ms. Phillips) were married in Duval County, Florida.  Three years later, in June 1996, the couple separated.  Later that month, petitioner commenced divorce proceedings.  On December 22, 1997, the circuit court for Duval County, Florida (the Duval County court) entered a Final Judgment of Dissolution of Marriage (the divorce decree).

---

[2] At trial, we deferred ruling on certain evidentiary objections (relating principally to relevancy) that respondent reserved in the stipulation of facts.  We now overrule those objections.

B. <u>Petitioner's Children</u>

Petitioner and Ms. Phillips have two daughters, Kimberly Brook Fritscher (Kimberly) and Michelle Ashley Fritscher (Michelle). Kimberly was born in September 1991, and Michelle was born in March 1994.

C. <u>Court Orders Regarding Legal Custody of the Children</u>

In September 1996, during the pendency of the divorce proceedings between petitioner and Ms. Phillips, the Duval County court issued an order granting Ms. Phillips' motion for temporary relief. Specifically, the court ordered that petitioner and Ms. Phillips should have "shared parental responsibility" for Kimberly and Michelle. Nevertheless, the court ordered: (1) The "primary physical residence" of the children should be with Ms. Phillips; (2) petitioner should have liberal visitation rights; and (3) petitioner should pay child support to Ms. Phillips.

In September 1997, the Duval County court issued an order regarding petitioner's motion for contempt. In its order, the court reserved jurisdiction on the issue whether Ms. Phillips was in willful contempt "for failure to allow * * * [petitioner] to have visitation and shared parental responsibility". However, the court granted temporary custody of Kimberly and Michelle to petitioner.

In the divorce decree, the Duval County court continued to direct that petitioner and Ms. Phillips should have "shared

parental responsibility".  However, the court ordered: (1) Petitioner should have the "primary physical residence and custody of the children"; (2) Ms. Phillips should have both liberal visitation rights and "the first option" with regard to the children's care; and (3) Ms. Phillips should pay child support to petitioner.

D. The Children's Places of Abode

Upon their separation in June 1996, petitioner moved into a single-family house that was owned by his parents in Keystone Heights, Florida, and Ms. Phillips moved into an apartment that was maintained by her parents in Jacksonville, Florida.  Kimberly and Michelle went with their mother and lived with her.

In April 1997, Ms. Phillips moved into her own apartment in Orange Park, Florida.  As before, Kimberly and Michelle went with their mother and lived with her.

At or about the time of his separation in June 1996, petitioner was working for American Airlines at the Jacksonville International Airport.  Subsequently, his post of duty was changed to the Dallas/Ft. Worth International Airport, where he worked as a troubleshooter.  Sometime in 1997, petitioner resigned from the airline and went to work as a travel agent for American Express in the Jacksonville area.[3]

---

[3] One of the stipulated exhibits, a student registration

(continued...)

- 5 -

As previously stated, the Duval County court granted temporary custody of Kimberly and Michelle to petitioner in September 1997. At that time, the children moved into petitioner's home in Keystone Heights, Florida, and resided with their father throughout the balance of the year.

E. Petitioner's 1997 Tax Return

On his income tax return, Form 1040, for 1997, petitioner claimed head-of-household filing status. Petitioner also claimed dependency exemptions for Kimberly and Michelle, and he identified his daughters as qualifying children for purposes of the earned income credit.

F. The Notice of Deficiency

Upon audit, respondent determined a deficiency in petitioner's income tax for 1997 in the amount of $2,673. In determining the deficiency, respondent: (1) Adjusted petitioner's filing status from head of household to single; (2) disallowed the dependency exemptions for Kimberly and Michelle; and (3) disallowed the earned income credit.

---

[3](...continued)
statement for Kimberly, discloses petitioner's "business name and address" as American Airlines, Dallas, TX. The statement is dated May 14, 1997.

Discussion

A. Dependency Exemptions for Kimberly and Michelle

As relevant herein, a taxpayer is entitled to dependency exemptions for his daughters if more than half of their support is furnished by the taxpayer.  See secs. 151(c) and 152(a)(1).

In the case of children whose parents are either divorced or separated or who live apart at all times during the last 6 months of the calendar year, section 152(e)(1) provides that the custodial parent; i.e., the parent having custody for a greater portion of the calendar year, is deemed to provide more than half of the children's support for such year.[4]  For purposes of this rule, and as relevant herein, "custody" is determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree.  Sec. 1.152-4(b), Income Tax Regs.

In the present case, Ms. Phillips had legal custody of Kimberly and Michelle for a greater portion of 1997 by virtue of the September 1996 order of the Duval County court.[5]  Accordingly, Ms. Phillips is considered to be the custodial

---

[4] Exceptions to the general rule of sec. 152(e)(1) are not applicable in the present case.  See sec. 152(e)(2), (3), and (4).

[5] Indeed, at trial petitioner admitted that Ms. Phillips "had the legal custody from the end of the summer of '96 until Sept. 5, 1997."

parent within the meaning of section 152(e)(1), and she is the one who is deemed to have provided more than half of Kimberly's and Michelle's support. Petitioner is not, therefore, entitled to dependency exemptions for his daughters in 1997. Respondent's determination is sustained.

B. <u>Filing Status</u>

As relevant herein, an individual qualifies as a head of a household if such individual (1) is not married at the close of his taxable year and (2) maintains as his home a household that constitutes for more than one-half of such taxable year the principal place of abode, as members of such household, of his daughters.[6] See sec. 2(b)(1)(A). The term "principal place of abode" is synonymous with "home". Sec. 1.2-2(c)(1), Income Tax Regs.

The record demonstrates that Kimberly and Michelle lived with Ms. Phillips, their mother, from January 1 through September 4, 1997, and that they lived with petitioner, their father, from September 5 through December 31, 1997. It is clear, therefore, that petitioner did not maintain a home in 1997 that was his daughters' principal place of abode for more than one-half of the taxable year.

---

[6] If a taxpayer's daughter is not married, it is not necessary that the taxpayer be entitled to a dependency exemption for her under sec. 151 in order to qualify for head-of-household filing status. See sec. 2(b)(1)(A).

The fact that Kimberly and Michelle may not have enjoyed ideal living arrangements with Ms. Phillips during the first 8 months of the year does not mean that their principal place of abode was not with their mother.  See Cubick v. Commissioner, T.C. Memo. 1977-102.

In view of the foregoing, we hold that petitioner does not qualify for head-of-household filing status in 1997.  Respondent's determination is sustained.

C. Earned Income Credit

In the case of an eligible individual, section 32(a) allows an earned income credit.  As relevant herein, the term "eligible individual" means any individual who has a qualifying child for the taxable year.[7]  Sec. 32(c)(1)(A)(i).  Also as relevant herein, the term "qualifying child" means a daughter of the taxpayer who has the same principal place of abode as the taxpayer for more than one-half of the taxable year.  Sec. 32(c)(3)(A).

The term "principal place of abode" as used in section 32(c)(3)(A) has essentially the same meaning as the term "principal place of abode" as used in section 2(b)(1)(A).  Sec. 1.32-2(c)(1), Income Tax Regs.  Therefore, because we have already decided that petitioner did not maintain a household that

_____

[7]  An individual who does not have a qualifying child for the taxable year may nevertheless qualify as an "eligible individual".  Sec. 32(c)(1)(A)(ii).  However, petitioner does not so qualify because his income exceeded the statutory maximum.

was the principal place of abode of Kimberly and Michelle for more than one-half of 1997, it follows that petitioner did not have a "qualifying child" in 1997 and is not entitled to an earned income credit for that year.  Respondent's determination is sustained.

Conclusion

Reviewed and adopted as the report of the Small Tax Case Division.

In order to give effect to the foregoing,

Decision will be entered

for respondent.